Clyde **WILLIAMS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17148.

United States Court of Appeals Ninth Circuit.

May 4, 1961.

Edgar Paul Boyko, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Division, Gary B. Fleischman, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and WALSH, District Judge.

BARNES, Circuit Judge.

Appellant was charged in a two count indictment (a) with the sale of and (b) with knowingly receiving or concealing marijuana. Each count refers to the same date and the same amount of marijuana. The court without a jury, found appellant not guilty of the count I sale and guilty of the count II concealment.

Appellant urges as error:

1. There was no proof of possession of the marijuana by appellant, and hence no inference that the marijuana was illegally imported.

2. There was error in admission of a conversation between the informer McCormick and the appellant, overheard by several police officers through the use of a listening device.

3. The trial judge was not convinced of appellant's guilt, and there was flimsy evidence of guilt.

4. Appellant did not have bona fide assistance of competent counsel.

█ We find the third and fourth alleged errors insufficient as a matter of fact and law, and unworthy of any comment by us save that we find no error. Nor do we find any error in the admission of the conversation overheard by means of the listening device.

This brings us to appellant's real point, the lack of evidence as to possession. Admittedly there was no proof appellant had ever had physical possession of the substance. It was allegedly taken, not from any area within his possession or control, but from a refuse can located next to the cafe where appellant worked, over which refuse can neither appellant nor the cafe was shown to have had control. The conversations admitted into evidence prove that appellant was no innocent bystander to narcotic dealings— he recognized sheriff's deputies working on the narcotics detail, and he was contemplating entering into a partnership with the informer for the *future* sale of narcotics to third persons—but such conversations are no evidence of a sale to the informer or of the "then" possession of any amount of narcotics.

The informer was not a regularly paid "stool-pigeon," but one harboring an admitted personal grudge against appellant. This informer, unlike appellant, had a record as a narcotics violator. Appellant's record was clean.

Money was paid by the informer to appellant, but (a) not the total amount given the informer by the government, and (b) the informer admitted the existence of a debt owed by him to the appellant, which could account for a substantial, though not similar, payment of money to appellant.

With these facts in mind, we come to the facts as to possession in this case. First, there never was any proof of physical possession in the appellant at any time. Was there a constructive possession? We conclude the facts demonstrate a *knowledge* on the part of the appellant of the marijuana trade; a *willingness* on the part of the appellant to participate in that trade, but the facts fall short, in our opinion, of proving *possession* by the appellant of the marijuana which was the subject of the count II charge of concealing or facilitating the sale of marijuana; and which possession is essential to cause the presumption to arise that the marijuana was illegally imported into this country—a jurisdictional fact.

The appellant allegedly said: (to McCormick) "[T]here was a can and it *would be* in there, that he would leave it there * * * [T]he defendant was in there and he asked me to let him out, as I had the driveway blocked, and I went out to let him out * * * and * * * *I asked him* if the stuff was there. *He said he had to check*, so we walked over to the can and I raised the lid, and it was there." (Tr. pp. 34, 37. Emphasis added.)

█ Viewing the facts in the light most favorable to the government, as we must on this appeal (Glasser v. United

States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680), we find them insufficient to establish possession beyond a reasonable doubt.

We stand by and reaffirm the holdings made by this court in Rodella v. United States, 9 Cir., 1960, 286 F.2d 306, and Caudillo v. United States, 9 Cir., 1958, 253 F.2d 513. We hold again that the statutory presumption contained in the statute (21 U.S.C.A. § 176a) is not unconstitutional as to marijuana, but the government must produce evidence from which possession, either actual or constructive, can be honestly, fairly and conscientiously inferred. In this case we find none.

We have no doubt the appellant either had dealt, or planned to deal in the future, in marijuana. But that does not prove possession of the two kilograms of marijuana on July 20, 1959, the date charged. The worst criminal is still entitled in these United States to a fair trial.

The judgment of conviction is reversed, and the action dismissed.