Isaac Bud WILSON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18154.

United States Court of Appeals
Ninth Circuit.

Feb. 4, 1963.

Rehearing Denied March 12, 1963.

David C. Phillips, San Francisco, Cal., for appellant.

Brockman Adams, U. S. Atty., and David J. Dorsey, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and MADDEN, Judge of the Court of Claims.

PER CURIAM.

Appellant was charged in nine counts with violations of the narcotic laws of the United States on three occasions. Counts I, IV and VII charged three sales of narcotics not in the original stamped packages, 26 U.S.C. § 4704(a); Counts II, V and VIII charged three sales without written orders, 26 U.S.C. § 4705 (a), and Counts III, VI and IX charged the three sales of unlawfully imported narcotics.

A jury found appellant guilty of Counts I to III, inclusive, and Counts VII to IX, inclusive, and not guilty of Counts IV, V and VI. Appellant was sentenced to a ten year sentence on each count, all six ten-year terms to run concurrently.

Thus, if the conviction on any of the counts is good, the sentence must be affirmed.

Appellant has filed his own brief in propria persona, and a brief has been filed on his behalf by appointed counsel. Four points are made:

1. Error in admitting hearsay statements.

2. Entrapment existed as a matter of law.

3. There was insufficient evidence to convict, as a matter of law.

4. 26 U.S.C. § 4705(a) is unconstitutional, as compelling a person to be a witness against himself.

We point out that 26 U.S.C. § 4705(a) requires the *purchaser* of the narcotics to sign the written order, not the *seller*.

Thus, United States v. Kahriger, 1952, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754, and Russell v. United States, 9 Cir., 1962, 306 F.2d 402, both relating to the failure to register firearms, are inapposite. But we need not reach that point, if the appellant's sentence is supported on any one of Counts I, II, VII or IX.

■ Both the sufficiency of the evidence and the question of entrapment were left to the jury under appropriate instructions. We will not disturb the jury's finding. This is not a case where the issue of entrapment was *not* left to the jury, Lufty v. United States, 9 Cir., 1952, 198 F.2d 760; nor do its facts compare favorably with the "entrapment as a matter of law" cases, such as Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848. Here the criminal conduct for which appellant was convicted was not the product of the government's officials' creative activity; and clearly there was a ready complaisance on the part of the defendant Wilson to sell the narcotics to the government agent.

■ The remaining alleged error, in admitting alleged hearsay statements refers to (a) testimony of the undercover agent as to statements made by one Betty Williams to appellant in the presence of Betty Williams, appellant and the witness. "She had told him that I was interested in getting some ["stuff"]. After Betty introduced me to the defendant and the defendant asked me how much stuff was I interested in obtaining." (Tr. p. 14, ll. 6 to 10.) And (b), testimony of the undercover agent as to what Betty Williams had said to him in the defendant's presence:

"Q. And what, if anything occurred when he [the defendant] returned?

"A. Well, Betty asked me for the money, the $20, and I gave her $20; she gave it to the defendant, Wilson; the defendant, Wilson handed her something, which she took in her hand and the defendant Wilson left." (Tr. p. 15, ll. 6 to 10.)

None of this was hearsay. There was no issue as to whether defendant had been accused, and had stood silent; he was an actor and playing a part in a transaction. Both statements were part of two larger conversations which were material and relevant to the sale and delivery of narcotics which took place at that time. The statements were properly admissible as part of the *res gestae*, being "utterance is contemporaneous with a nonverbal act, independently admissible, relating to that act and throwing some light upon it." United States v. Annunziato, 2 Cir., 1961, 293 F.2d 373.

Finding no error, we *affirm*.

Appellant also brings on two motions for a reduction of bail. Each is denied.