Madison WILSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18141.

United States Court of Appeals Ninth Circuit.

April 11, 1963.

Elke, Farella & Braun, and Jerome I. Braun, San Francisco, Cal., for appellant.

Brockman Adams, U. S. Atty., and Payton Smith, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before CHAMBERS and DUNIWAY, Circuit Judges, and JAMES M. CARTER, District Judge.

**JAMES M. CARTER, District Judge.**

The appellant was convicted by a jury of offenses involving heroin, charged in a six count indictment. Four prior convictions were charged by a supplemental Information. Appellant was sentenced to imprisonment for 15 years on each count, the sentences to run concurrently.

The case raises only two questions:—

1. Was there a violation of Section 605 of the Federal Communications Act, where a federal agent listened in on a telephone conversation?

2. The validity of the inference of unlawful importation and knowledge thereof from the shown possession of heroin under Title 21 U.S.Code § 174.

This is a small horse soon curried.

## I

### Section 605 of the Federal Communications Act; (47 U.S.C.A. § 605).

Gibson, an agent for the Federal Bureau of Narcotics without appellant's consent, by use of a "Twinfone", listened in on two conversations wherein a special employee of the Bureau of Narcotics talked to appellant. The calls were made from pay stations to appellant.

The device was attached to a receiver of a telephone and automatically created an extension. It is on sale to the public in various stores. The trial court found that the device was similar to a second extension on a telephone.

The narcotic agent did not testify to the contents of the conversation, but the special employee did.

There is a serious doubt as to whether the appellant's contention is available to him on this record, since it does not appear that the agent of the Bureau of Narcotics testified to the conversations overheard. Obviously the testimony of the special employee, concerning his conversation with the appellant, does not run afoul of the prohibitions of the Federal Communications Act.

Assuming for argument that the point is available, the case law is clearly adverse to appellant. Rathbun v. United States, (1957) 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134; Carnes v. United States, (5 Cir. 1961) 295 F.2d 598; Williams v. United States, (9 Cir. 1961) 290 F.2d 451; Rayson v. United States, (9 Cir. 1956) 238 F.2d 160; United States v. Bookie, (7 Cir. 1956) 229 F.2d 130; Flanders v. United States, (6 Cir. 1955) 222 F.2d 163.

The cases hold that testimony as to a telephone conversation listened to with the consent of only one of the parties to the conversation, does not constitute an interception under Section 605 of the Federal Communications Act, (47 U.S.C.A. § 605); and (except for Rayson and Bookie which did not reach the question) that such testimony does not become inadmissible simply because it was recorded by or overheard by an electrical or mechanical device attached to an extension telephone or telephone wiring at the locality of the consenting party.

## II

### The validity of the available inference under Section 174, U.S. Code, Title 21.

This case involved heroin which was shown to be in the actual rather than the constructive possession of appellant. Appellant makes a frontal attack upon the cases that have previously considered and held the inference permitted by the section to be proper: Yee Hem v. United States, (1925) 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904; Rodella v. United States, (9 Cir. 1960) 286 F.2d 306; Hernandez v. United States, (9 Cir. 1962) 300 F.2d 114; See Harris v. United States, (1959) 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597. We reject appellant's contention.

Furthermore, counts I, III and V were laid under Section 4705(a) U.S. Code, Title 26. As to these counts, the inference permitted by Section 174 U.S. Code, Title 21 was not applicable. The appellant received the same sentence on each of the six counts, the sentences to run concurrently.

If the appellant was validly convicted of any of the six counts, the judgment should be affirmed. King v. United States, (9 Cir. 1960) 279 F.2d 342; Sinclair v. United States, (1929) 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692; Wilson v. United States, (9 Cir. 1963) 313 F.2d 317.

Finding no merit in the appeal, the judgment of conviction is affirmed.