**Thomas HUGHES, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20955.**

United States Court of Appeals
Ninth Circuit.

April 18, 1967.

Raymond E. Sutton, Las Vegas, Nev., for appellant.

Joseph L. Ward, U. S. Atty., Robert S. Linnell, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before BROWNING and DUNIWAY, Circuit Judges, and BOLDT, District Judge.

BOLDT, District Judge.

This is an appeal from a judgment of the United States District Court for the District of Nevada. Upon a jury verdict appellant was adjudged guilty of illegal transportation of heroin in violation of 21 U.S.C. § 174 and committed to the custody of the Attorney General for a five-year term.

On the evening of April 22, 1965 police observed appellant in a pool hall in West.

Las Vegas. Several persons known by the police to be involved with narcotics were present. Later, while watching appellant's residence, police saw him emerge and furtively place an object under the front seat of his automobile. As appellant drove away he passed the officers and indicated recognition of them. One of the officers had met appellant on previous occasions. The officers stopped appellant's automobile and questioned him concerning his presence in the pool hall earlier that evening. Appellant denied being at the pool hall. The police asked him if they might search appellant. Without speaking he got out of the car and emptied his pockets. When asked if the police might "look" in the automobile for "stuff" appellant replied, "Go right ahead." Appellant assisted the officers in opening the glove compartment. From beneath the front seat a coffee jar containing toy balloons was taken. The balloons contained bulges which, in the experience of the officers, was a common method of carrying heroin. Thereafter appellant was placed under arrest and asked if he would object to a search of his residence. Appellant replied, "I'd rather have you get a search warrant." The balloons contained heroin.

Appellant specifies error in the trial court's denial of appellant's motions: (1) to have the jury view the premises where appellant had been under surveillance by police officers; (2) to suppress as evidence the narcotics taken from appellant's automobile; (3) for judgment of acquittal at the close of the government's case in chief and at the close of all the evidence; and (4) for new trial. We find each of the specifications without merit and affirm the judgment.

■■ It is well established that the granting or denial of a motion for jury view of premises rests in the discretion of the trial judge and is reviewable only for abuse. Casias v. United States, 302 F.2d 513 (10th Cir. 1962); C. I. T. Corp. v. United States, 150 F.2d 85, 91 (9th Cir. 1945). The many uncertain factors involved in the present case made jury inspection of questionable value. Compare: United States v. Pinna, 229 F.2d 216, 219 (7th Cir. 1956). While a view of the premises by the jury might have been of some value in the cross-examination of the police officers, the conditions involved were shown by photographs and a drawing admitted in evidence. The government asserts that the photographs and drawing provided an adequate basis on which the jury could determine the credibility of the officer's testimony concerning the premises in question. United States v. Pagano, 207 F.2d 884, 885 (2d Cir. 1955). Appellant contends that the photographs and drawing were inadequate for this purpose, but since appellant failed to include these exhibits in the record on appeal we cannot hold that the trial court's ruling was an abuse of discretion.

■ Appellant next contends that the heroin taken from beneath the front seat of his automobile should not have been admitted into evidence because it was illegally seized without a warrant or consent and not acquired as an incident to a lawful arrest. The trial court held that there was no arrest in the stopping of appellant's car and found there was a valid consent to the search during which the heroin was discovered. It did not decide whether there was probable cause to arrest. We hold that the court's finding that there was consent is supported by the evidence, and do not decide any other question.

Although there is a presumption against the waiver of fundamental constitutional rights, and consent to search will not lightly be inferred, in the present case appellant's words and conduct are sufficient to overcome the presumption and to support the inference. Compare: United States v. Viale, 312 F.2d 595 (2d Cir. 1963); Johnson v. Zerbst, 304 U. S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1937). Appellant was personally acquainted with and showed recognition of one of the police officers involved. He was relaxed and cooperative throughout the search of his person and the automo-

bile.  Martinez v. United States, 333 F.
2d 405 (9th Cir. 1964).  There is no in-
dication of coercion or ignorance.  See
United States v. Page, 302 F.2d 81, 83–
84 (9th Cir. 1962).  The finding of con-
sent, a question of fact for the trial court
in the first instance, was supported by
substantial evidence and was not clearly
erroneous.  United States v. Page, supra,
302 F.2d at 85.

Affirmed.