**James Monroe EVANS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20701.**

United States Court of Appeals
Ninth Circuit.

Sept. 5, 1967.

---

James F. Hewitt, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Jerrold Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before BARNES, JOHNSEN * and ELY, Circuit Judges.

BARNES, Circuit Judge:

This is an appeal in forma pauperis (a) from a denial of a motion to suppress evidence and (b) from a two count conviction of the violation of 18 U.S.C. § 659. The first count alleged the theft of two lizard-skin suitcases from an interstate shipment from Tampa, Florida to Sacramento, California, and the second count alleged the possession of two suitcases with goods of a value of $100 stolen from a foreign shipment (namely from Hawaii to England) with knowledge they had been so stolen.

Appellant moved to suppress certain evidence, which motion was denied. A jury was waived, and appellant was convicted on each of the two counts, receiving equal and concurrent sentences on each count.

Jurisdiction below rested on 18 U.S.C. §§ 659 and 3231. Jurisdiction here rests on 28 U.S.C. §§ 1291 and 1292.

### I.

After a night of drinking in San Francisco, California, appellant and his friends (one a lady and the other a gentleman) had an unfriendly argument. Appellant and the lady repaired to appellant's motel room in Millbrae. At the time they entered and she went to bed at about 3:00 or 3:30 A.M. there were no suitcases in his room. He left and returned an hour or so later. Because of a burglary in the same motel (not connected with the charges made herein) appellant and the lady were awakened by the knock of police officers at the door. She observed seven suitcases in appellant's room; not hers and not appellant's. Fifteen minutes later, after another knock at the door by police officers, appellant opened the door and allowed police to enter, and consented to a search of his room. He advised the police he did not know who owned the suitcases, which were in plain sight in the room.

---

* Hon. Harvey M. Johnson, Senior Judge, U. S. Court of Appeals for the Eighth Circuit, sitting by designation.

The police then checked with the nearby San Francisco Airport, and located the owner of one of the bags, who told them that it had been stolen from the airport. Appellant was then questioned. He was warned of his rights before being questioned, told of his right to counsel, his right to say nothing, and right to refuse to make any statement. He was not told he was entitled to have counsel appointed for him, but this occurred on September 25, 1965, pre-*Miranda.* He admitted he had stolen the luggage from the airport.

■ Later appellant gave a statement to F.B.I. Agent Richmond. He was again properly warned, and admitted the theft from the interstate shipments. The district court found that the appellant consented to the search of his motel room. Appellant urges this was clearly erroneous. Clearly it was not. The government met its duty to prove a knowing, voluntary and unequivocal consent by clear and positive testimony. A detailed discussion of what appellant's counsel would like the law to be appears unnecessary here. Hughes v. United States, 377 F.2d 515 (9th Cir. 1967), Martinez v. United States, 333 F.2d 405 (9th Cir. 1964).

## II.

The first three paragraphs of Title 18, United States Code, § 659, read as follows:

"Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any railroad car, wagon, motor-truck, or other vehicle, or from any station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal or air navigation facility with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight or express; or

Whoever buys or receives or has in his possession any such goods or chattels, knowing the same to have been embezzled or stolen; or

Whoever embezzles, steals, or unlawfully takes, carries away, or by fraud or deception obtains with intent to convert to his own use any baggage which shall have come into the possession of any common carrier for transportation in interstate or foreign commerce or breaks into, steals, takes, carries away, or conceals any of the contents of such baggage, or buys, receives, or has in his possession any such baggage or any article therefrom of whatever nature, knowing the same to have been embezzled or stolen; or
* * *."

■ As we understand appellant's second argument, he urges that both counts refer to "goods or chattels * * moving or which constitute * * * an interstate or foreign shipment *of freight or express,*" and that while he concedes that the goods stolen were part of an interstate or foreign shipment, he denies there was any proof they were "freight or express," *i. e.,* he asserts that they were "baggage," and that baggage is not "freight" or "express."

Had § 659 contained only its first two paragraphs, there might conceivably be some merit to such an argument. But unnumbered paragraph three of § 659 refers to and covers the possessing or taking or stealing of "baggage, or any article therefrom * * * which shall have come into the possession of any common carrier for transportation in interstate or foreign commerce * * * [etc.]." Nowhere in this third unnumbered paragraph of § 659 is "freight or express" mentioned.

Thus both counts fall under the "baggage" provisions, without relation to whether they were freight or express.

■ Outside of the appellant's own admission, there is little evidence of the *theft* of the suitcases—which might render the evidence supporting Count I weak. But there is overwhelming evidence of the *possession* of the same suitcases by the appellant. Hence we are

required to affirm as to Count II, which renders any error as to Count I (should any exist) unnecessary to be considered. Sinclair v. United States, 279 U.S. 263, 299, 49 S.Ct. 268, 73 L.Ed. 692 (1929). See also Braden v. United States, 365 U.S. 431, 433, n. 2, 81 S.Ct. 584, 5 L.Ed.2d 653 (1961), Wilson v. United States, 316 F.2d 212, 214 (9th Cir. 1963).

Affirmed.