Bennie Ray SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20097.

United States Court of Appeals Ninth Circuit.

Feb. 26, 1968.

Rehearing Denied April 19, 1968.

Richard L. Goff (argued), San Francisco, Cal., for appellant.

Richard V. Boulger (argued), Special Asst. U. S. Atty., Fresno, Cal., Cecil F. Poole, U. S. Atty., San Francisco, Cal., John Hyland, U. S. Atty., Rothwell B. Mason, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before POPE, DUNIWAY and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

This is an appeal from a conviction by a jury for two offenses occurring on different days involving the sale and facilitating the transportation and concealment of heroin in violation of 21 U.S.C. Sec. 174. Concurrent sentences were imposed.

The major questions presented by the appeal involve alleged entrapment and delay in arraignment.

### ENTRAPMENT

Did the trial court commit plain error in failing to give an instruction on entrapment when the defense had not been asserted, and there was no request for such instruction by the appellant?

Appellant, now represented by new and very competent counsel, asserts error in several respects, none of which were objected to during trial.

On two separate occasions, the appellant sold heroin to an informant working for Federal Narcotic agents. He was observed by the federal agents to hand the informant a package which was later determined to be heroin. The testimony of the informant gives no indication that he went beyond a simple request when he purchased the heroin from the appellant. Appellant asserts that the defense of entrapment was apparent from the facts and that the failure to instruct upon it was plain error.

Appellant did not testify at the trial but his counsel's cross-examination of government witnesses was an attempt to destroy their credibility as to identification of appellant and as to whether they saw any objects pass between the informer and appellant. Counsel's argument to the jury was to the effect that appellant did not commit the acts charged.

Appellant now contends that he did not testify at the trial, because of the order refusing to suppress his written statement to the officers, and knowing it would be used against him if he testified. The written statement was *not* offered against him in the government's case in chief or at all.

After the prosecution rested its case, appellant's counsel asked the court to discuss an instruction on entrapment. The court said that it was entirely premature and on the state of the record at that time, such instruction could not be given. The duty of determining whether or not the issue of entrapment exists is the judge's duty and not the jury's. Notaro v. United States, 363 F.2d 169, 175 (9th Cir. 1966). The appellant then rested his case without putting on any evidence. No further request was made for the entrapment instruction, and no objection made to the failure by the court to give the instruction.

Rule 30 of the Fed.R.Crim.P., provides that "[n]o party may assign as error any portion of a charge of omission therefrom unless he objects thereto before the jury retires to consider its verdict * * *". In the absence of plain error, Singer v. United States, 380 U.S. 24, 38, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). Fed.R.Crim.P. 52(b), a failure to request an instruction on entrapment or a failure to object to its omission forecloses the right to object on appeal. Lopez v. United States, 373 U.S. 427, 436, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1962); Cohen v. United States, 366 F.2d 363, 368

(9th Cir. 1966) Cert. den. 385 U.S. 1035, 87 S.Ct. 771, 17 L.Ed.2d 682; Phillips v. United States, 334 F.2d 589 (9th Cir. 1964). If an instruction is desired it should be prepared and requested at conclusion of the evidence and prior to the giving of instructions, and before the issues go to the jury. Lewis v. United States, 373 F.2d 576 (9th Cir. 1967).

This court has held that in order to utilize the entrapment defense, an accused must admit he committed acts which constitute a crime, but assert that those acts he committed were not contemplated by him until he was improperly induced to commit them by a government agent. Ortiz v. United States, 358 F.2d 107 (9th Cir. 1966); Ortega v. United States, 348 F.2d 874 (9th Cir. 1965); Garibay-Garcia v. United States, 362 F. 2d 509 (9th Cir. 1966).

There is no evidence that the informant pleaded or argued with the defendant to sell him the heroin. It is evident that, under any theory, entrapment had not been put in issue, and certainly had not been shown as a matter of law. The defendant was not entitled to such instruction and the failure to give the instruction does not constitute plain error.

## DELAY IN ARRAIGNMENT

Did the trial court properly deny appellant's motion to suppress certain statements made by appellant prior to his appearance before the U. S. Commissioner?

The record clearly shows sufficient basis for denying the motion. Appellant turned himself in to the Stockton Police station at 10:30 in the morning. At 6 P.M. that evening the appellant was turned over to federal agents to be taken before the commissioner. Prior to being taken before the commissioner, the appellant made oral statements which were reduced to writing and signed by him several days later. Appellant now contends that he was not taken before a committing magistrate for over eight hours and therefore any evidence obtained before appearing before the magistrate is inadmissible, since it violates Rule 5(a) of the Fed.R.Crim.P., requiring an officer to take the arrested person "without unnecessary delay" before the nearest available commissioner. To complete his contention, he claims that he failed to testify in his own behalf, solely because he was afraid his unsuppressed statement would be then used against him.

The determining factor is not the amount of time elapsing between arrest and confession, but rather the nature of police activities during this period. Although the detention by state authorities should be taken into account in determining the reasonableness of the delay before the defendant appeared before the commissioner, Cote v. United States, 357 F.2d 789 (9th Cir. 1966) cert. den. 385 U.S. 883, 87 S.Ct. 173, 17 L.Ed.2d 110, there is no evidence or any claim made by the appellant that anything harmful to him was obtained while he was in state custody. Nor is there in fact any evidence of any interrogation by state authorities while the appellant was in their custody, or that the primary purpose in detaining him was to allow federal officers to interrogate. Cote v. United States, supra, 357 F.2d at pages 793, 794.

The period of federal custody was for approximately two or three hours in the evening. The record shows that arrangements had to be made with the commissioner to go to the police station, since it was after working hours when the U.S. agents picked up the appellant. The appellant testified on the motion to suppress that an attempt was made to call the commissioner but that he was out and so they were required to wait for him. One federal agent testified that the appellant was advised that he did not have to say anything and that anything he might say could be used against him in a court of law. The Commissioner later advised him also of his rights, including his right to an attorney. No evidence was presented to rebut this testimony. It was during this waiting period that the appellant made admissions and statements which were later reduced to writing and signed by him.

Appellant's trial occurred in November and December 1964. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) applies since the trial commenced after June 22, 1964. However, appellant did not ask for counsel but was otherwise properly advised of his rights before questioning began. He cannot avail himself of *Escobedo* or of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which applies prospectively from June 13, 1966, Johnson v. State of New Jersey, 384 U.S. 719, 734, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

 The short period of delay from the time the agents picked up the appellant until the time he appeared before the commissioner does not necessarily invoke the *McNabb* rule that admissions made by a defendant after long and repeated questioning without taking the defendant before a United States Commissioner for arraignment are not admissible. McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943). The fact that an accused makes statements while he is in custody of federal agents does not of itself render his detention unlawful either under *McNabb* or Rule 5(a). The purpose of the requirement of promptly taking a prisoner before a committing magistrate is to prevent secret interrogation of persons accused of crime. Upshaw v. United States, 335 U.S. 410, 412, 69 S.Ct. 170, 93 L.Ed. 100 (1948). A detention is unlawful when the federal officers cannot justify their failure to promptly bring the accused before a committing magistrate, or when the federal officers delay arraignment in order to obtain evidence from the accused. Cote v. United States, supra, 357 F.2d at page 794. Circumstances may justify a brief delay. Muldrow v. United States, 281 F.2d 903, 907 (9th Cir. 1960).

 Whether or not a statement should be excluded as violative of Rule 5(a) is a question of law to be determined by the district judge. Williams v. United States, 273 F.2d 781 (9th Cir. 1959), cert. den. 362 U.S. 951, 80 S.Ct. 862, 4 L.Ed.2d 868; Muldrow v. United States, supra. We hold that on the facts in this case the trial court did not err in denying appellant's motion to suppress on the ground that the statements made by him were obtained in violation of Rule 5(a).

*Instruction that a witness is presumed to speak the truth.*

Attack is made on the instruction given that a witness is presumed to speak the truth. We are cognizant of United States v. Meisch, 370 F.2d 768 (3rd Cir. 1966) and United States v. Johnson, 371 F.2d 800 (3rd Cir. 1967) holding that the giving of such an instruction, where the defendant did not take the witness stand, was error.

In the case at bar, although appellant did not take the witness stand, no objection was made to the instruction given. The challenged instruction has been used traditionally in this circuit. See Wong Kam Chong v. United States, 111 F.2d 707, 711 (1940). United States v. Dried Fruit Ass'n. of Calif., 4 F.R.D. 1, 5 (D.C.1944).

██ We are of the opinion that before a panel of this court should consider the impact of the Third Circuit cases above cited, the point should be raised by proper objection in the court below and decided by the trial court. We do not reach it under the "plain error" rule.

*Other Claimed Errors*

Appellant asserts further alleged errors, complaining (1) of the instruction of the court concerning discrepancies and inconsistencies in the testimony; (2) the failure of the court to give a cautionary instruction concerning testimony of the informer, to which failure no objection was made; and (3) lack of effectiveness of trial counsel. We have reviewed the record and find that the contentions are without merit.

Before concluding we deem it appropriate to thank and compliment Richard L. Goff of the San Francisco Bar, appointed in this case, for his diligence and the excellence of his research, briefs and representation of the appellant.

The judgment is affirmed.