**UNITED STATES of America,
Appellee,**

v.

**Clarence Edward TEESLINK, Appellant.**

**No. 23878.**

United States Court of Appeals,
Ninth Circuit.

Feb. 2, 1970.

William N. Fielden (argued), La Jolla, Cal., for appellant.

Shelby Gott, (argued), Joseph A. Milchen, Asst. U. S. Attys., Edwin L. Miller, U. S. Atty., San Diego, Cal., for appellee.

Before HUFSTEDLER and TRASK, Circuit Judges, and PLUMMER,* District Judge.

PER CURIAM.

On November 1, 1967, appellant, Clarence Edward Teeslink (hereinafter Teeslink), enlisted in the United States Marine Corps. On December 16, 1967, he went absent without official leave and traveled to the State of Washington to locate his father. He had no other way to get there so he stole a car and drove it from the State of California to the State of Washington.

On January 12, 1968, he was arrested, and on February 26, 1968, he pleaded guilty in the United States District Court for the Eastern District of Washington at Spokane to a violation of 18 U.S.C.A. § 2312, interstate transportation of a stolen motor vehicle. As a result of his conviction, Teeslink was placed on probation for a period of three years.

On March 17, 1968, twenty days from the date of Teeslink's conviction in the United States District Court for the Eastern District of Washington, he stole another car and drove it from San Diego, California to Eloy, Arizona. On October 30, 1968, he was convicted in the United States District Court for the Southern District of California of a violation of 18 U.S.C.A. § 2312, interstate transportation of a stolen motor vehicle. A timely appeal was taken to this court which has jurisdiction under 28 U.S.C.A. §§ 1291 and 1294(4).

The questions presented by this appeal are: (1) Does entrapment apply only to law enforcement officials? and (2) Did the trial court err in refusing to give an instruction on entrapment? We shall first consider whether an instruction on entrapment should have been given.

---

* Honorable Raymond E. Plummer, United States District Judge, District of Alaska, sitting by designation.

After Teeslink's conviction of interstate transportation of a stolen motor vehicle in the United States District Court for the Eastern District of Washington on February 26, 1968, his probation officer in Spokane talked to a Captain at the Marine Base. Thereafter, he told Teeslink that the Marine Corps wanted him returned to San Diego, California so they could process his discharge. The following day, Teeslink was returned to the Marine Corps Recruit Depot in San Diego.

At the Marine Corps Recruit Depot, he was taken to an office where, among other things, he was told by a Captain there wasn't any way he could get out of the Marine Corps. The Captain said nothing to Teeslink to indicate that Teeslink should go out and steal another car.

From this office Teeslink was escorted into a hallway by a Staff Sergeant. As they walked down the hallway, Teeslink initiated a conversation in the course of which he told the Staff Sergeant what his probation officer and the Captain had told him about his getting out of the Marines. The Sergeant replied that the only way Teeslink could get out of the Marine Corps was to steal another car or to go AWOL. This Staff Sergeant did not encourage Teeslink to steal a car, and the foregoing was the only comment made by him on this subject.

Teeslink was delivered by this first Staff Sergeant to the Second Correctional Custody Platoon where he was turned over to a second Staff Sergeant. This Sergeant asked Teeslink what he was in for and Teeslink told him. The Sergeant stated that he couldn't get out of the Marines by just going on unauthorized leave, that he would have to steal a car or something. He stated this to Teeslink on three or four occasions during conversations held between them while Teeslink was in detention. On the seventeenth day of his detention, Teeslink went AWOL and stole a motor vehicle, which he drove from San Diego to Eloy, Arizona.

When Teeslink was returned from Spokane, Washington to San Diego on February 27, 1968, it was his understanding that he was to be discharged from the Marines as soon as his papers could be processed. Instead, he was placed in detention, subjected to disciplinary measures and told that there was no way he could get out. He wanted to get out of the Marine Corps. All he was interested in was getting back home.

 Where the idea of committing a crime originates with law enforcement officers or their agents, and a person has no previous intent or purpose to violate the law but is induced or persuaded by them to commit a crime, he is a victim of entrapment. In such cases the law, as a matter of policy, forbids his conviction. However, where a person already has the readiness and willingness to break the law, the mere fact that government agents provide what appears to be a favorable opportunity to commit a crime is not entrapment. *See* Notaro v. United States, 363 F.2d 169 (9th Cir. 1966).

On December 16, 1967, Teeslink wanted out of the Marines. Without inducement or persuasion by anyone, he originated the idea of stealing a car and driving it from California to Washington. On February 27, 1968, when Teeslink was returned to San Diego, his desire to get out of the Marines continued. During his detention, his predicament was discussed with Staff Sergeants of the Marine Corps in conversations initiated by him. He concluded that there wasn't any other way out, so he decided to steal another car.

 After carefully reviewing the *record we find no evidence that members* of the Marine Corps induced or persuaded Teeslink to steal a second car and there is nothing in the record to suggest that they provided Teeslink with a favorable opportunity to commit the crime which is the subject of this appeal.

Here, the criminal conduct for which Teeslink was convicted was not the product of the government's officials' creative activity; and, clearly, there was a ready complaisance on the part of Tees-

link to steal another car in furtherance of his efforts to get out of the Marine Corps. *See* Wilson v. United States, 313 F.2d 317, 318 (9th Cir. 1963).

■■ The duty to determine whether or not the issue of entrapment exists is that of the judge and not the jury. Smith v. United States, 390 F.2d 401 (9th Cir.1968); Notaro v. United States, *supra*. Refusal to give an instruction on the subject of entrapment was proper in this case since there was no evidence of entrapment. Encinas-Sierras v. United States, 401 F.2d 228 (9th Cir. 1968); United States v. Llanes, 398 F.2d 880 (2d Cir. 1968).

For the foregoing reasons, we find it unnecessary to reach the question whether entrapment applies only to law enforcement officials.

The judgment is affirmed.