**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank Nicholis CEPELIS, Defendant-Appellant.**

No. 24332.

United States Court of Appeals, Ninth Circuit.

April 23, 1970.

Alan Saltzman (argued), Los Angeles, Cal., for appellant.

David P. Curnow (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and TRASK, Circuit Judges, and PENCE,* District Judge.

CHAMBERS, Circuit Judge:

In this judge-tried case, Cepelis was convicted of two counts of violating 21 U.S.C. Section 176a. A government informant (Gertz) testified that he had indicated to Cepelis that he wished to purchase a large quantity of hashish and that in response to his request, the defendant-appellant arranged for the delivery of approximately 50 pounds of the substance. Gertz then arranged a meeting at a drive-in restaurant. Gertz arrived in an automobile with federal narcotics agents and spoke with appellant while one Engelhardt (a co-defendant who entered a guilty plea) spoke with the agents. The agents then rented a motel room and began negotiations with Engelhardt and Cepelis. Finally, Engelhardt supplied the agents with a map and either Engelhardt or appellant told them that four pounds of hashish would be hidden at a location indicated on the map. At the specified space, the agents found a cache of hashish under a bush. Immediately, Cepelis and Engelhardt were arrested.

Informant Gertz and agent Herring testified to conversations with appellant which could support a finding that appellant had actual knowledge that the hashish was illegally imported. The substance of their testimony was that appellant told them that the hashish was from an unspecified foreign country.

The issue on appeal is the applicability of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57. It is unclear from the record whether the trial judge relied on the 21 U.S.C. Section 176a presumption of knowledge of illegal importation which was later struck down in Leary. Since we conclude that Leary is applicable, a remand is necessary for findings on the question of reliance on the Section 176a presumption.

Before the 176a presumption can be invoked, possession in the defendant must be shown. Appellant's position is that the record is devoid of evidence showing his physical custody or constructive possession of the hashish. Construing the record in a light most favorable to the government, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, constructive possession in the appellant was established. One has constructive possession of contraband if he knows of its presence and has power to exercise dominion and control over it. Figueroa v. United States, 9th Cir., 352

---

* The Honorable Martin Pence, United States District Judge for the District of Hawaii, sitting by designation.

F.2d 587. The assessment of dominion and control is peculiarly within the province of the trial judge. Here the trial judge could have found sole or joint possession in the appellant from his demonstrated ability to arrange for the delivery of the hashish. See Williams v. United States, 9th Cir., 418 F.2d 159; Reyes v. United States, 9th Cir., 417 F. 2d 916; United States v. Amaro, 9th Cir., 422 F.2d 1078 (1970); United States v. Cabrera, 5th Cir., 417 F.2d 211.

■ The appellant stipulated that the contraband was "refined marihuana (hashish)." Now he argues that the evidence was insufficient to sustain the conviction in that there was no proof that the alleged contraband in evidence was marihuana as defined by 21 U.S.C. Section 176a. Section 176a specifies that for the purposes of that section, marihuana is defined in Section 4761 of the Internal Revenue Code of 1954:

> "The term 'marihuana' means all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; *the resin extracted from any part of such plant*; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin * * * 26 U.S.C. § 4761(2)." (Emphasis added.)

The resin of the marihuana plant is commonly called hashish and is clearly included in the phrase "resin extracted from any part of such plant." Thus the stipulation was adequate to establish that the contraband was included within the scope of Section 176a.

■ Although arguing that hashish is marihuana within the meaning of 21 U. S.C. Section 176a, the government submits that hashish is not within the scope of Leary v. United States. Citing a number of scholarly works on marihuana, the government concludes that, because of climatic considerations, appreci-

able quantities of hashish cannot be produced from domestic marihuana and, consequently, users would be likely to know that their hashish was illegally imported. Legal authority for the distinction which the government urges has not yet been established and the Supreme Court in Leary apparently rejected the opportunity to do so.[1] Drawing distinctions between vegetative or chemical forms requires the court to be both botanist and chemist. Although such distinctions may be drawn on an appropriate record, they should not be made solely on the footing provided by appellee's brief or our record. We conclude that the government has not demonstrated the inapplicability of Leary to hashish. Although the trial here was before the Supreme Court's decision in Leary, that case has been given full retroactive effect. United States v. Scott, 9th Cir., 425 F.2d 55 (1970).

Here there was an express waiver of specific findings of fact and there is no suggestion that the waiver was not wholly voluntary. However, the Leary and Scott decisions have created a special need for a finding concerning the reliance or non-reliance by the trial court on the Section 176a presumption of knowledge of unlawful importation. Howard v. United States, 9th Cir., 423 F.2d 1102 (1970). Unlike the situation in McClain v. United States, 9th Cir., 417 F.2d 489, 492, some of the trial judge's comments leave possible reliance on the Section 176a presumption ambiguous.

■ We think in the slipstream of Leary it is appropriate to ask for findings in a special situation such as this one. In the event the trial court has relied on Section 176a's presumption, it should grant a new trial and explore the nature of hashish for us.

After a few judicial trial explorations of hashish, we may be able to take judicial notice on whether the stuff is closer

1. In Leary the Court described the fruits of the search of Leary's vehicle as marihuana, semi-refined marihuana and marihuana cigarettes. 395 U.S. 6, 10, 89 S.Ct.

1532. However, the Court did not attempt a definition of semi-refined marihuana nor did it distinguish between refined and unrefined marihuana.

to the marihuana rule of Leary or the heroin presumption rule in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610.[2]

The case is not the same, but Campbell v. United States, 365 U.S. 85, 81 S. Ct. 421, 5 L.Ed.2d 428, is good authority for asking for special findings or special treatment in some situations.

If the court has relied on admissions rather than the presumption, it would appear that the judgment should be vacated, the special findings entered and the judgment and sentence reimposed.

If the case is to come back to this court, it should be expedited.

Remanded for proceedings consistent herewith.

2.  An example of possible confusion about the geographic origin of hashish is presented by the change in the government position from trial to appeal. At trial, government counsel opined that hashish is produced in any country where the marihuana is grown. On appeal, the government excuses its former claim as erroneous.