**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert William STAGE, Defendant-
Appellant.**

**No. 71-2585.**

United States Court of Appeals,
Ninth Circuit.

Aug. 24, 1972.

Eugene A. Wright, Circuit Judge,
dissented and filed opinion.

Edward I. Gritz, Los Angeles, Cal.,
for defendant-appellant.

William D. Keller, U. S. Atty., Dale
Thayer, Andrew R. Willing, Eric A. No-
bles, Asst. U. S. Attys., Los Angeles,
Cal., for plaintiff-appellee.

Before ELY, HUFSTEDLER and
WRIGHT, Circuit Judges.

PER CURIAM:

Stage appeals from his conviction for
violating the Dyer Act (18 U.S.C. §
2312).

He was arrested in Las Vegas, Ne-
vada, on August 20, 1970, on state
charges unrelated to the federal offense.
He was confined in the county jail from
August 20 to August 26, 1970, before he
was taken before a magistrate. On Au-
gust 25, 1970, he signed a "waiver of
rights" and confessed to a Dyer Act vio-
lation. During the six-day interval
from his arrest and confinement to the
date that he appeared before a United
States Commissioner, he was interrogat-
ed by the local sheriff, by detectives
from the sheriff's office, and by several
FBI agents. Federal and state law en-
forcement officers frequently attended
each other's interrogation sessions.

At the outset of his custody, federal
agents began questioning him about in-
terstate transportations of stolen cars.
On August 20, one of the agents gave
him a *Miranda* warning. Stage said
that he did not want to make any state-
ments until he could talk to a lawyer.
The questioning continued, and no law-
yer was supplied to him.

The confession was obtained in
violation of both the *Miranda* and *Mc-*

*Nabb* rules and of 18 U.S.C. § 3501(c).[1] The Government argues that the confession was nevertheless admissible because Stage signed a waiver of his rights. A waiver is involuntary as a matter of law when it is made by one who has been theretofore detained in custody for five days without being taken before a readily available magistrate, who has been subjected to questioning by relays of law enforcement officers during his detention, and who has not been supplied with counsel despite his expressed desire for such assistance.

Apart from the confession, the evidence was inadequate to sustain the conviction. On February 20, 1970, a man went to a Florida automobile salesman, represented that he wanted to buy a used car, and was given a 1969 Cadillac to test drive around the block. The man and a woman companion drove away in the Cadillac and did not return. Seven months later a man drove the same Cadillac into a California used-car lot. The man indicated that he wanted to trade the Cadillac for another used car. A salesman lent him a Lincoln Continental to test drive. The man drove away the Lincoln and did not return. The California salesman identified Stage as the man who took the Continental. The Florida salesman's identification of Stage as the man who took the Cadillac was equivocal. He testified that he "couldn't be positive." The witness's lack of certitude is understandable: he was asked to identify a man whom he had seen briefly over a year earlier.

The evidence would have been sufficient to prove that Stage stole the Continental, a crime with which he was not here charged. The question is whether evidence that Stage had possession of the Cadillac in California that had been stolen in Florida seven months before and the equivocal identification of Stage as the man who took the Cadillac were sufficient to prove beyond a reasonable doubt that Stage transported the Cadillac in interstate commerce, knowing it to have been stolen. We think not. The lapse of time between the Florida theft and the California exchange, and the uncertain identification of Stage as the Florida thief engender reasonable doubt of Stage's guilt. The Government fully developed the available evidence at the time of trial. No useful purpose would be served by remanding the cause for a new trial.

The judgment is reversed, with directions to dismiss the indictment.

EUGENE A. WRIGHT, Circuit Judge (dissenting):

Respectfully, I dissent.

The majority's statement of facts passes lightly over several difficult questions concerning the admissibility of the confession. However, these are not the focus of my disagreement with the disposition of this case.

---

1. 18 U.S.C. § 3501(c) provides:

"(c) In any criminal prosecution by the United States or by the District of Columbia, a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a magistrate or other officer empowered to commit persons charged with offenses against the laws of the United States or of the District of Columbia if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and *if such confession was made or* *given by such person within six hours immediately following his arrest or other detention:* Provided, That the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate or other officer beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate or other officer." (Emphasis added.)

*Accord,* United States v. Halbert (9th Cir. 1970) 436 F.2d 1226; Smith v. United States (9th Cir. 1968) 390 F.2d 401; Cote v. United States (9th Cir. 1966) 357 F.2d 789, cert. denied, 385 U.S. 883, 87 S.Ct. 173, 17 L.Ed.2d 110.

My major dissatisfaction with the result here is the order that on remand the indictment must be dismissed.

I cannot agree that the evidence of guilt, ignoring the confession, was "inadequate to sustain the conviction." On the contrary, it was quite sufficient to sustain a conviction.

On February 20, 1970, a man walked into a Florida automobile dealership, purportedly with the intention of purchasing a used car. He was permitted to drive a 1969 Cadillac "around the block." Instead of returning after a test drive, he stole the car.

On August 16, 1970, a man of similar appearance drove the Cadillac into a used car lot in Long Beach, California. Under the pretext of trading in the Cadillac on a 1969 Lincoln Continental Mark III, he obtained the Continental for a test drive, drove off in that car, and did not return.

In a trial to the court, it was stipulated that the Cadillac stolen in Florida was the car involved in the exchange of vehicles six months later in California.

One of the government's witnesses positively identified Stage as the man who left the Cadillac at the Long Beach lot and drove away in the Continental.

Another government witness, a Florida car salesman, identified Stage as the man who stole the Cadillac in Florida. The second identification was not positive. Skillful questioning by the trial judge elicited these two crucial responses from the witness:

THE COURT: . . . Are you positive of his identification now?

THE WITNESS: Sir, I couldn't be positive, no sir.

\*   \*   \*   \*   \*   \*

THE COURT: I am interested in knowing just about how sure you are this is the man.

THE WITNESS: Well, I wouldn't bet my life on that, sir. To the best of my ability this is the man.

Thus, even without the confession, the government had the stipulation that the same car was involved in the Florida theft and the California vehicle exchange, and the two eye-witness identifications.

Had the confession been suppressed and Stage convicted on the basis of the other evidence, I would have had no difficulty in sustaining the conviction. In reviewing the sufficiency of the government's case to sustain a conviction, of course, we view the evidence in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Nelson, 419 F.2d 1237 (9th Cir. 1969).

I would not expect the majority to contest the proposition that the stipulation and the testimony of the two eye-witnesses—if creditable and credited—would be sufficient to sustain a conviction for interstate transportation of a motor vehicle, knowing that vehicle to have been stolen.

The question, then, is whether the trial judge could have credited the eye-witness identification by the Florida car salesman. Clearly he might have done so. The witness stated: "To the best of my ability this is the man." While the trier might still have declined to convict, he could as well on the basis of the witness' testimony and demeanor, and the other admissible evidence in the case, have concluded that Stage was guilty beyond a reasonable doubt. It is for the trier of fact, not the appellate court, to determine whether or not a witness' best recollection fifteen months after the event is accurate.

Indeed, the best inference from the record is that the trial judge did accept the testimony of the two eye-witnesses and did in fact think the government's case was persuasive even without the confession. When the government attorney offered the confession in evidence, the trial judge observed:

"Of course, I don't know that the confession is absolutely necessary, having in mind the other evidence in the case."

A motion to strike the identification testimony was denied.

I conclude that the government's case, even without the confession, was sufficient to support a conviction. I would remand with specific instructions that the trial judge enter a finding on the question whether he was convinced by the government's case in the absence of the confession. If he were, the introduction of the confession would be harmless error in a trial to the court and the conviction should be affirmed. If not, he should order an acquittal. *Cf.* Campbell v. United States, 365 U.S. 85, 81 S.Ct. 421, 5 L.Ed.2d 428 (1961); United States v. Cepelis, 426 F.2d 134 (9th Cir. 1970), after remand 443 F.2d 63 (9th Cir. 1971), cert. denied 404 U.S. 846, 92 S.Ct. 149, 30 L.Ed.2d 83 (1971).

Alternatively, the case could be remanded for a new trial without the confession the majority finds inadmissible.

But the indictment should not be dismissed.