

FILED

**NOT FOR PUBLICATION**

JUL 19 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30098 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00298-EJL-2 |
| v. | |
| FREDDIE MICHAEL BERNAL, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted July 12, 2013**
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

Freddie Michael Bernal appeals his jury conviction and sentence for willful

injury or depredation of property of the United States in violation of 18 U.S.C. §

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1361 and false statement of material fact in violation of 18 U.S.C. § 1001(a)(2). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

The district court did not abuse its discretion in admitting evidence that Bernal damaged Nez Perce pictographs when he spray painted rocks on federal government land. As the district court found, the evidence of pictograph damage was highly probative for two elements of the offense under § 1361—the nature of the damage and the cost of the damage—and was not unduly prejudicial. *See United States v. Ganoe*, 538 F.3d 1117, 1124 (9th Cir. 2008) (holding that the probative value of the evidence is high where it is "not extrinsic to the crime charged" but instead directly related to the offense). Further, the district court did not commit plain error in failing to exclude, sua sponte, the testimony of Julia Altman and other witnesses whom Appellant purports have testified "cloaked with the mantle of an expert." *See Jinro America Inc. v. Secure Investments Inc.*, 266 F.3d 993, 1004 (9th Cir. 2000). The testimony was not unduly prejudicial, given the nature the witnesses' testimony and that the Government did not designate these witnesses as experts. Thus, the evidence of pictograph damage and the testimony of such witnesses were properly admitted under Federal Rule of Evidence 403.

The district court also did not abuse its discretion in denying Bernal's request that the jury view the site of the damaged pictographs in person. The district court properly considered that taking the jury to view the site was logistically difficult. *See Hametner v. Villena*, 361 F.2d 445, 446 (9th Cir. 1966) (per curiam). To reach the site, the jury would be required to drive from the courthouse to the state park and hike for about an hour from the parking lot. The district court also considered that the jury had sufficient evidence to understand what was depicted at the site and the nature of the damage inflicted to the site by the defendants. That evidence included over one hundred photographs and exhibits related to the rock face at the Red Elk Rock Shelter, and testimony of witnesses who described the site and the damage caused to the site. *See Hughes v. United States*, 377 F.2d 515, 516 (9th Cir. 1967) (holding that the district court did not abuse its discretion by denying the jury a site visit where photographs of the site were admitted into evidence).

Finally, the district court did not abuse its discretion in sentencing Bernal. The district court correctly calculated the guidelines range before departing downward to a below-Guidelines sentence of 36 months imprisonment. The district court stated that it had considered the 18 U.S.C. § 3553(a) factors, including the need to avoid unwarranted sentence disparities between co-

3

defendants. *See* 18 U.S.C. § 3553(a)(6). Moreover, the district court explained that it was sentencing Bernal to a higher sentence than his co-defendants because the co-defendants cooperated with the government's investigation, accepted responsibility for their actions, and were not convicted of the second crime of false statement of material fact.

Furthermore, the sentence imposed on Bernal was not substantively unreasonable. In sentencing Bernal, the district court properly considered § 3553(a) factors by noting Bernal's individual background, criminal record, additional conviction of false statement of material fact, and failure to cooperate with the government or to accept responsibility for his actions. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009) (holding that a sentence is substantively unreasonable if, under the totality of the circumstances, it fails to properly reflect § 3553(a) considerations ).

**AFFIRMED.**