**Manfred DAUT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22898.**

United States Court of Appeals
Ninth Circuit.

Dec. 16, 1968.

Rehearing Denied Jan. 24, 1969.

**314**

Lillian S. Fisher, Tucson, Ariz., for appellant.

John Augustine (argued), Asst. U. S. Atty., Edward E. Davis, U. S. Atty., Jo Ann D. Diamos, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before POPE and CARTER, Circuit Judges, and BYRNE,* District Judge.

JAMES M. CARTER, Circuit Judge:

Appellant Manfred Daut, a German alien, and one Knapp, were charged in one count with having imported into the United States at Lukeville, Arizona, approximately twenty pounds of marihuana in violation of 21 U.S.C. § 176a. Both men were convicted by a jury. Daut appeals.

The facts in the case are as follows. Daut and Knapp secured a car from an agency and agreed to transport it from San Francisco to Toronto, Canada; they decided to go to Mexico. In Mexico the car broke down. While repairs were being made, the two men took a Mexican bus to the Gulf of California and later returned to Sonoita, Mexico. Daut unintentionally left on the bus a small bag which contained his passport; this discovery was made after the bus had departed Sonoita on its way to Tijuana. Daut and Knapp tried to telephone the bus company in Tijuana to inquire about the bag, but without success; the telephone lines were apparently not in working order. Daut and Knapp in their repaired car subsequently entered the United States at Lukeville, Arizona; they explained to the U. S. officer at the border station that they did not intend to stay and wished merely to use the telephone. The car was searched by U. S. Customs officers; approximately 20 lbs. of marihuana was found in the car and a small amount of marihuana was later found on the person of Knapp. Several grounds are urged for reversal of the conviction.

**(1) Denial of Motion for Separate Trials.**

Daut urges that the trial court erred in denying his motion for a separate trial. He alleges prejudice as a result of his joint trial with Knapp, since Knapp alone had marihuana on his person. Both Daut and Knapp were charged by the same indictment with illegally importing the 20 lbs. of marihuana found in the car. The joint charge was authorized by Rule 8(b) Fed.R.Crim.P. As provided in Rule 13, Fed.R.Crim.P., both men were tried together. While Rule 14, Fed.R.Crim.P., permits a trial court to grant a severance where a joint trial would be prejudicial to a defendant, the decision to grant the severance is within the discretion of the court and ordinarily not subject to review. Ewing v. United States, 386 F.2d 10, 14 (9 Cir. 1967), cert. denied 390 U.S. 991, 88 S.Ct. 1192, 19 L.Ed.2d 1299 (1968). Absent a showing that the trial court clearly abused its discretion in denying the severance the decision will not be reversed on appeal. Mendez v. United States, 349 F.2d 650, 652 (9 Cir. 1965), cert. denied 384 U.S. 1015, 86 S.Ct. 1952, 16 L.Ed.2d 1036 (1966). What constitutes an abuse of discretion depends upon the facts of each case. United States v. Echeles, 352 F.2d 892, 897 (7 Cir. 1965). We cannot say that in this case Daut was prejudiced by his joint trial with Knapp.

**(2) Denial of Daut's Motion for a Continuance.**

Daut contends that the trial court erred in denying his motion for a continuance. Daut and Knapp were indicted on November 8, 1967. On November 13, 1967, Daut and Knapp appeared in court with the same counsel and entered their pleas of not guilty. On December 15, 1967, Daut retained separate counsel, Lillian Fisher, to handle his case. Trial had been set for December 21, 1967.

On December 18, 1967, attorney Fisher filed a motion to continue and for dis-

* Hon. William M. Byrne, Senior District Judge, Central District of California, sitting by designation.

covery and a motion to dismiss and to suppress. All the motions were heard on December 19 and 20, 1967. The grounds for the continuance were stated as: "That the court continue his trial until his newly engaged counsel could fully acquaint herself with the facts and properly research and prepare appropriate motions for discovery and dismissal; that a new attorney was necessary at this time because certain conflicts arose when the one attorney who had been appointed to represent both made certain discoveries."

In a supporting affidavit to the motion for a continuance, Daut's attorney states that part of Daut's defense is that he could not enter the country without his passport but she states further that the passport was later located. The attorney further stated in the affidavit that "She is interested in knowing whether the contraband allegedly found in the vehicle driven by the defendants are similar in content, texture, color, etc." No showing was made, other than as set forth above, as to why the continuance was necessary.

Whether or not Daut had his passport and regardless of his intention to enter or remain in the United States, the fact is undisputed that he crossed the United States border into the United States. A chemist was called at the trial and was available for cross examination as to the characteristics of the marihuana. She testified that she could not determine if the marihuana found on Knapp and the marihuana found in the car were the same, nor could she determine the age of either.

On date of trial Daut's attorney answered "Ready for trial." There was no indication then given the trial court that she had not completed her discovery and preparation or that she needed additional time.

In his brief on appeal Daut further states that the continuance was necessary for his counsel to corroborate his story. Daut's prior counsel did locate the lost bag in Mexico and substantiated the men's story.

A trial court is afforded great latitude in granting or denying motions for continuances. This court has previously held that the length of time for counsel to prepare is not itself determinative in reviewing a denial of a continuance. Joseph v. United States, 321 F.2d 710, 713 (9 Cir. 1963), cert. denied 375 U.S. 977, 84 S.Ct. 497, 11 L.Ed.2d 422 (1964). The record before us does not show that the trial court abused its discretion in denying Daut's motion for a continuance.

### (3) Biased juryman.

Daut contends it was error to permit an attorney to sit on the jury panel when the attorney was personally acquainted with the prosecutrix; and that the juryman should have spoken up when the court inquired if any of the prospective jurors were law enforcement officers.

There is no record on this matter except the contentions in Daut's brief to the effect that John S. Greenway is listed as a member of the Arizona State Bar, though apparently not practicing, and that he attended the University of Arizona School of Law with the prosecutrix. There is no prohibition against attorneys serving on jury panels in U. S. district courts; the argument that an attorney is a law enforcement officer is without merit. Further, a juryman is not disqualified solely on the grounds that he is acquainted with one of the counsel in a criminal prosecution. Roberson v. United States, 249 F.2d 737, 740, 72 A.L.R.2d 434 (5 Cir. 1957), cert. denied 356 U.S. 919, 78 S.Ct. 704, 2 L.Ed. 2d 715 (1958).

No record was made below and no actual bias was established. There was no error.

### (4) Constitutionality of 21 U.S.C. § 176a.

Daut asserts several bases for his contention that the statute under which he was convicted is unconstitutional. First, Daut asserts that this section is an abuse of federal "Police Power." We do not agree. The Supreme Court

long ago held that Congress has plenary power to prohibit foreign importations including narcotics. Brolan v. United States, 236 U.S. 216, 222, 35 S.Ct. 285, 59 L.Ed. 544 (1915). The history underlying the passage of the legislation which included 21 U.S.C. § 176a clearly sets forth the dangers Congress intended to remedy. 1956 U.S.Code Cong. & Admin. News, pp. 3274, 3280–3286. Congressional enactments pursuant to the commerce power which affect public health, safety, morals, or welfare are not outside the grant of power made by the Constitution. Cf. Champion v. Ames, 188 U.S. 321, 23 S.Ct. 321, 47 L.Ed. 492 (1903); see also, 18 U.S.C. § 1262 (Liquor transport); 18 U.S.C. § 1301 (Lottery tickets); 18 U.S.C. § 2312 (Stolen autos); 18 U.S.C. § 2421 et seq. (White Slave Traffic).

 Daut next urges that the presumption of guilt or more correctly the permissible inference of guilt, contained in 21 U.S.C. § 176a is unconstitutional. This court has previously held that the section is constitutional. Williams v. United States, 290 F.2d 451, 453 (9 Cir. 1961). Daut also urges that the statute imposes cruel and unusual punishment and is thus unconstitutional. This court has previously held that the punishment imposed for a violation of 21 U.S.C. § 176a is not cruel and unusual. Gallego v. United States, 276 F.2d 914, 917–918 (9 Cir. 1960).

Finally, Daut argues that section 176a is vague and indefinite. We do not agree. See United States v. Davis, 272 F.2d 149, 150–151 (7 Cir. 1959).

(5) *Entry into the United States.*

 Daut through his counsel, spent considerable time in the trial court below and in the briefs here arguing that there was no "entry" into the United States. Counsel confuses the use of the word entry in the Immigration laws, and

the word entry as it is used in connection with importation of narcotics into the United States. Actually the statute and the indictment under which Daut was prosecuted does not use the word entry, but uses the words "import and bring into the United States." The word entry is a word of art in the field of Immigration law; all that need be shown in a narcotic importation case is that the defendant came into the United States and imported the narcotics. Counsel admitted at argument that she could find no case directly in point concerning her contentions about entry. She could find no such case because there isn't one.

(6) *Other contentions.*

Daut has raised several other points in his appeal.[1] We find them to be without merit. The judgment of conviction is affirmed.

---

1. They are, briefly stated, the following: (1) error not to direct a verdict in favor of the defendant for lack of proof of importation of marihuana; (2) improper argument by counsel for the United States; (3) error in denying motion for new trial; (4) no probable cause for border search; (5) error in admitting certain evidence and excluding other evidence; (6) error in denying an offered instruction on constructive possession.