UNITED STATES, Appellee,

v.

James M. GLENN, Staff Sergeant, U.S. Air Force, Appellant.

No. 55,296.
ACM 25167.

U.S. Court of Military Appeals.

Dec. 14, 1987.

For Appellant: *Colonel Leo J. Sergi* and *Captain Timothy J. Malloy* (on brief).

For Appellee: *Colonel Joe R. Lamport; Major Robert J. Webster,* USAFR; *Captain Marc Van Nuys* (on brief); *Colonel Kenneth R. Rengert* and *Lieutenant Colonel Donal F. Hartman.*

*Opinion of the Court*

COX, Judge:

Tried by general court-martial, the accused was convicted, pursuant to his pleas, of distribution of cocaine on three occasions and using cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. The adjudged sentence to a dishonorable discharge, confinement for 3 years, forfeiture of $310.00 pay per month for 3 years, and reduction to E–1, was reduced by the convening authority, pursuant to a pretrial agreement, to a dishonorable discharge, confinement for 18 months, forfeiture of all pay and allowances,[1] and reduction to E–1. The Court of Military Review affirmed.

1. It would appear the approved sentence exceeds that imposed by the court-martial, insofar as total forfeitures would terminate allowances, whereas the court only provided for partial for-

This Court granted review of the following issue:

WHETHER APPELLANT IS ENTITLED TO A REHEARING ON SENTENCE AS A CONSEQUENCE OF THE PROSECUTION'S FAILURE TO DISCLOSE BEFORE TRIAL THAT CAPTAIN H., A DETAILED COURT MEMBER, WAS THE SISTER–IN–LAW OF LIEUTENANT COLONEL S., DEPUTY STAFF JUDGE ADVOCATE AND ACTING STAFF JUDGE ADVOCATE TO THE CONVENING AUTHORITY WHO CONVENED APPELLANT'S COURT.

On the day before trial, Captain Patricia C. Hamlyn was appointed to appellant's court-martial to replace an officer who was unavailable. Prior to trial, extensive *voir dire* of the members was conducted by both counsel and the military judge. However, after trial, defense counsel learned that Captain Hamlyn was the sister-in-law of Lieutenant Colonel Stine, the deputy staff judge advocate to the convening authority. Defense counsel, therefore, raised the matter in his response to the staff judge advocate's recommendation and asked that the sentence be set aside. The reviewer, by addendum, responded that there was "no indication ... that the relationship ... had any adverse impact upon the accused" and that "[t]he sentence imposed was not excessive for the offenses." He also obtained a sworn statement from Captain Hamlyn which indicated she had no advance knowledge of the case and her relationship with Lieutenant Colonel Stine in no way influenced her decisions in the case. Defense counsel subsequently provided an affidavit to the effect that he "had extensive contact with Lt Col Stine concerning ... [the accused's] case," particularly with regard to the pretrial agreement,

and that "Lt Col Stine was present in the courtroom throughout the trial."

Appellate defense counsel now argue that the Government had an affirmative duty to disclose the familial relationship between Captain Hamlyn and Lieutenant Colonel Stine and that the Court of Military Review erred in granting no relief, *citing Smith v. Phillips*, 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982).

Court-martial members must be persons whose impartiality is not reasonably open to question. *United States v. Smart*, 21 M.J. 15, 20 (C.M.A.1985). As Chief Judge O'Roark stated in *United States v. Moyar*, 24 M.J. 635, 638 (A.C.M.R. 1987):

The legitimacy of the court-martial jury of superiors is predicated on and justified by the unique requirement for courts-martial to provide both a fair and impartial forum for resolving criminal misconduct and to foster good order and discipline in the armed forces.

Since the military defendant has only a single peremptory challenge, Art. 41(b), UCMJ, 10 U.S.C. § 841(b), challenges for cause are to be liberally granted. *United States v. Smart, supra* at 18–19. R.C.M. 912(f)(1)(N), Manual for Courts-Martial, United States, 1984, states that "[a] member shall be excused for cause whenever it appears that the member ... [s]hould not sit ... in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality." Some "matters which may be grounds for challenge under [this] subsection ... are that the member ... is closely related to the accused, a counsel, or a witness in the case." R.C.M. 912(f), Discussion.[2] Chal-

---

feitures, albeit for a longer term. This should be addressed by the Court of Military Review when the case is returned after the rehearing.

**2.** Some states have had statutes recognizing as a ground for challenge for cause the fact that a juror is so closely related to the prosecutor as to disqualify him from serving on the jury. In others, the matter has been held to be within the discretion of the trial judge. *See* 47 Am.Jur. 2d *Jury* § 315 (1969 & Supp. 1987); Annot., 18

A.L.R. 375 (1922). Historically, some states applied a prohibition as a matter of common law. *See, e.g., Crawley v. State*, 151 Ga. 818, 108 S.E. 238, 18 A.L.R. 368, 374 (1921) (the "common-law rule" is that "a juror in a criminal case is disqualified if related to the prosecutor by consanguinity or affinity within the ninth degree, computed by the rule of the civil law").

lenge for cause on these grounds is not waived unless "the party knew of or could have discovered by the exercise of diligence the ground for challenge and failed to raise it in a timely manner." R.C.M. 912(f)(4). Trial counsel also has an affirmative duty to "state any ground for challenge for cause against any member of which the trial counsel is aware." R.C.M. 912(c).

▮ We hold that Lieutenant Colonel Stine, the deputy and later acting staff judge advocate in this case, had an affirmative duty to inform the staff judge advocate, trial counsel, and defense counsel that Captain Hamlyn was related to him by affinity.[3] His failure to do so has invited needless appellate litigation in this case. The staff judge advocate or acting staff judge advocate is "the principal legal advisor of a command," R.C.M. 103(17); "[c]onvening authorities shall at all times communicate directly with their staff judge advocates in matters relating to the administration of military justice." R.C.M. 105(a). This relationship between staff judge advocates and commands precludes their participation as members on courts-martial where they have "acted ... as ... staff judge advocate to the convening authority" or "[w]ill act ... as ... staff judge advocate to the reviewing authority." R.C.M. 912(f)(1)(G) and (H).

We find it difficult to believe that either appellant or the public could be convinced that he received a fair trial when he was not apprised of the fact that a member of the staff judge advocate's family was sitting on his court-martial. *See, e.g., United States v. Hampton,* 50 C.M.R. 232 (A.C.M. R.1975) (improper to allow individual who worked in prosecutor's office to sit as court member because of the appearance of evil).

Lieutenant Colonel Stine's failure to inform the parties of his familial relationship with Captain Hamlyn precluded effective *voir dire* and made it impossible for either the military judge or counsel to accurately test Captain Hamlyn for bias or determine whether a challenge for cause was necessary. Further, it made it impossible for the military judge to exercise his discretion. *See United States v. Smart, supra* at 21 (Cox, J., concurring).

The decision of the United States Air Force Court of Military Review is reversed as to sentence. The sentence is set aside.[4] The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing on sentence may be ordered. *See* Art. 67(f), UCMJ, 10 U.S.C. § 867(f).

Chief Judge EVERETT and Judge SULLIVAN concur.

---

**3.** Of course, this rule would apply equally to a member of the defense. Although a familial relationship to a member of the defense or prosecution is not a *per se* bar to sitting as a court-martial member, it is certainly subject to *voir dire* and to the mandate that challenges for cause be liberally granted. *See United States v. Smart,* 21 M.J. 15, 19 (C.M.A.1985).

**4.** In view of appellant's pleas of guilty, the findings in this case are unaffected. *See* 21 M.J. at 21 n. 4.