OPINION OF THE COURT
SPISAK, Judge:
The appellant pled guilty to two uses of cocaine and a single use of marijuana in violation of Article 112a, U.C.M.J., 10 U.S.C. § 912a (1994). Officer members sentenced her to 18 months confinement, reduction to airman basic, forfeiture of all pay and allowances and to receive a bad conduct discharge. The convening authority reduced her confinement to 12 months, but approved the remainder of the sentence. She raises two errors: that the military judge erred by denying her challenge for cause against one of the court members, and that her sentence is inappropriately severe. Finding no error, we affirm.
FACTS
After the birth of their daughter, the appellant separated from her husband to avoid arguing in front of the child. While she was separated, her unit placed her on the Weight Management Program. During her first two months on the program, she faded to lose either the percentage of body fat or weight required. Believing that a subsequent failure would result in a reduction of rank, the appellant began taking over-the-counter weight reduction medication. The separation from her husband and her weight problems resulted in severe stress. In August, 1996, a civilian friend offered the appellant a marijuana cigarette which contained cocaine. The friend told her that it would calm her down. It worked for a while, but the following day her stress returned and the appellant took an overdose of some combination of over-the-counter sleeping and weight reduction medication in an attempt to take her own life; however, she only succeeded in making herself sick. When she went to the emergency room for treatment, the doctor asked for a urine sample which, when tested, showed the presence of both marijuana and cocaine. The next day, she consented to a second urinalysis which tested positive for the presence of cocaine. In December, 1996, charges were preferred against the appellant for use of cocaine. In January, 1997, another friend offered the appellant a marijuana cigarette which again contained cocaine and the appellant again accepted and smoked the cigarette. The next day, the appellant went to a military hospital to pick up a prescription where medical personnel detected the odor of marijuana about her person. They reported their observations to the appellant’s commander and the appellant again consented to urinalysis testing. This sample came back positive for the presence of both marijuana and cocaine. An additional charge with two specifications was thereafter preferred against her.
The military judge began the voir dire by stating:____ “Does any member believe there may be a ground for challenge by either side against you?” Two members, Lt Col M and Maj R, responded in the affirmative. Further voir dire of these two members revealed that the commander who preferred charges against the appellant had, some time before trial, told Maj R that he had preferred charges against a member of his command for use of cocaine. No details were discussed and Maj R was not certain that the appellant was the member to whom *848 the commander had been referring.[1] Voir dire of Lt Col M revealed that he is married to a judge advocate, that his wife had served as prosecutor in prior assignments, that they had discussed cases she tried and even discussed whether certain results from a jury were good or bad. Trial defense counsel challenged both members for cause and when the military judge denied both challenges, he peremptorily challenged Lt Col M stating that if his two challenges for cause had been granted, he would have used his peremptory challenge against another member.
CHALLENGE FOR CAUSE
With certain exceptions, any member of the armed forces may serve as a court member in a special or general court-martial of an enlisted member.[2] It is well settled that only those whose impartiality cannot reasonably be questioned may serve as court-martial members. United States v. Smart, 21 M.J. 15, 20 (C.M.A.1985); United States v. Glenn, 25 M.J. 278, 279 (C.M.A.1987). Rule for Courts-Martial (R.C.M.) 912(f)(l)(N), Manual for Courts-Martial, United States (1995 ed.), codifies a general ground for challenge when a member “[s]hould not sit as a member in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality.” This general ground includes both actual and “implied bias.” United States v. Minyard, 46 M.J. 229, 231 (1997); United States v. Daulton, 45 M.J. 212, 217 (1996); United States v. Harris, 13 M.J. 288, 292 (CMA 1982). The purpose behind the rule is to avoid even the appearance of unfairness in our court proceedings and to avoid even a perception that a member has a bias or predisposition in the case. Minyard, 46 M.J. at 231; United States v. Dale, 42 M.J. 384, 386 (1995); United States v. Lake, 36 M.J. 317, 323 (C.M.A.1993). Actual bias is essentially a question of credibility, while implied bias is reviewed under an objective standard as if viewed through the eyes of the public. Minyard, 46 M.J. at 231; Daulton, 45 M.J. at 217. In either case, the burden of establishing that grounds for a challenge exist is upon the party making the challenge. R.C.M. 912(f)(3).
The appellant concedes that even a lawyer is not per se disqualified from serving as a court-member, but she points out that the military appellate courts have never directly addressed the issue of a judge advocate who has prosecuted cases sitting as a court-member. She then asks this court to find that the husband of such a judge advocate, Lt Col M, was disqualified on the basis of implied bias because his wife had previously served as a prosecutor and they had talked about her cases as well as the “good and bad” results of the trials in which she was involved. We decline to do so.
While we have found no military cases exactly on point, questions similar to the one before us have been resolved in three Federal Circuit Courts of Appeals. The Ninth Circuit rejected a claim that permitting an attorney to sit on a jury panel when he was personally acquainted with the prosecutrix was reversible error. Daut v. United States, 405 F.2d 312 (9th Cir.1968). The court in Daut held that there is neither any prohibition against an attorney serving on a jury nor is a prospective juror disqualified “solely on the grounds that he is acquainted with one of the counsel in a criminal prosecution.” Id. at 315.
Three years later, the Ninth Circuit again rejected a claim of implied bias stating that “[t]he mere fact that a relative of a juror may have been an officer in an unrelated agency of law enforcement is not sufficient to disqualify a juror in the absence of a showing of bias.” United States v. James, 453 F.2d 27, 28 (9th Cir.1971). See also, Carpintero v. United States, 398 F.2d 488 (1st Cir.1968) (no prejudice to appellant even though one of empaneled jurors attended law school with one of the prosecutors and with the brother *849 of the other prosecutor, and even though the jury foreman had been the appellant’s teacher some 30 years before); United States v. Nadaline, 471 F.2d 340 (5th Cir.1973) (no prejudice to appellant that jury foreman was acquainted with defense counsel even though the juror failed to disclose the acquaintance); Lane v. United States, 321 F.2d 573 (5th Cir.1963) (3 jurors not disqualified because of their acquaintances with the prosecuting attorney even though the attorney had previously represented one of them in “minor matters”); Roberson v. United States, 249 F.2d 737 (5th Cir.1957) (long time friend of prosecuting attorney not disqualified from service even after approaching the prosecutor during a recess to ask if jurors could go home that evening). We concur with our brethren in the First, Ninth and Fifth Circuits and find that merely being married to a judge advocate is not a per se disqualification from court-membership.
In the absence of a per se disqualification, the military judge must be satisfied that the juror can and will impartially consider the evidence presented and follow the rules of law as explained by the military judge. United States v. Reynolds, 23 M.J. 292, 294 (C.M.A.1987). In James, the court pointed out that the judge must carefully interrogate the jurors to determine whether or not there is evidence of bias or a basis for perceived bias. James, 453 F.2d at 28.
In the case before us, the military judge and trial defense counsel both questioned Lt Col M during individual voir dire, which began after Lt Col M advised that there might be something which would cause one side or the other to challenge him. When asked what that was, he stated, “Actually, I do not think it will have any bearing on my ability to be an impartial member of the jury,” then explained his marriage to a judge advocate. Later, the military judge asked if his “greater knowledge of military justice because of his association with his wife” would “in any way affect” his ability to be fair and impartial in the case. Lt Col M responded, “No, Your Honor. I do not feel that it would impact on my impartiality. I can judge this case on its own facts and merits.”
As part of his voir dire, trial defense counsel asked, “Have you ever discussed with [your wife] whether or not certain results from a jury were good, bad results?” Lt Col M replied, “After the case was adjudicated and over, yes.” Trial Defense Counsel followed up with, “Would that include any of the sentencing portions too?” to which Lt Col M responded, “Sometimes, yes.” Neither trial defense counsel nor the judge questioned the witness any further about what he might consider a “good or bad” result. However, when asked later whether or not any of the cases or sentences he discussed with his wife were drug related, Lt Col M responded:
“I do not specifically recall drug related cases. But I cannot say discussions had not taken place, but I do not specifically recall any of those cases. A large number of the cases she prosecuted at Altus had to do with child abuse.”
The military judge rejected trial defense counsel’s challenge for cause against Lt Col M asserting that everything he heard and saw from Lt Col M convinced him that he was exactly the type of officer we want to serve on courts-martial. The judge also noted that he had weighed the advice from the appellate courts that challenges for cause be liberally granted, but found that Lt Col M would “be fully capable of carrying out his responsibilities in a fair and impartial way____” Appellate defense counsel urge us to find that the military judge, by asserting what he believed, applied the wrong standard. They argue that the military judge should have determined what the public would perceive, not what he personally believed of this witness. While we must view implied bias not through the eyes of the member or even the military judge, but through the eyes of the public, United States v. Daulton, 45 M.J. 212, 217 (1996), even applying that standard does not aid the appellant in carrying her burden.
While the appellate courts have long recognized that challenges for cause are to be liberally granted, we also recognize that the military judge is in a superior position to evaluate the demeanor of the court members on the issue of credibility. United *850 States v. McLaren, 38 M.J. 112, 118 (C.M.A.1993); United States v. Glenn, 25 M.J. 278, 279 (C.M.A.1987). A military judge receives “great deference” from appellate courts on issues of actual bias. United States v. White, 36 M.J. 284, 287 (CMA 1993). The judge receives less deference on implied bias. United States v. Rome, 47 M.J. 467, 469 (1998); United States v. Napoleon, 46 M.J. 279, 283 (1997). Implied bias is viewed through the eyes of the public, focusing on the appearance of fairness. United States v. Dale, 42 M.J. 384, 386 (1995). However, military judges do not abuse their discretion when they decline to grant challenges for cause in an over abundance of caution simply because someone, somewhere might disagree with them. United States v. Dinatale, 44 M.J. 325, 328 (1996).
Applying these principles to the challenge of Lt Col M, we conclude that the record clearly demonstrates that Lt Col M had no actual bias against the appellant, and there is no evidence that any such bias arose during the trial. Unlike the member in United States v. Glenn, 25 M.J. 278 (C.M.A.1987), on which the appellant relies, Lt Col M’s wife did not work in the Staff Judge Advocate’s office and he openly admitted his potentially disqualifying relationship, thus giving trial defense counsel the opportunity to thoroughly question him about possible bias. Not only was there no indication during voir dire that Lt Col M would be anything other than impartial, his responses to questions from the military judge and defense counsel indicated that his wife was neither associated with the case at bar nor even involved in criminal prosecutions at the time of the trial. In fact, Lt Col M’s wife was serving as Member’s Counsel before Physical Evaluation Boards. In this capacity, she was more akin to a defense counsel than a prosecutor. Moreover, Lt Col M could not specifically recall any discussions they may have had about drug related cases. There was every reason for the military judge to give credence to Lt Col M’s assertions that his relationship with his wife and their prior discussions would not affect his ability to remain impartial. Cf. Smart, 21 M.J. at 19 (judge should not accept challenged member’s “perfunctory disclaimer of personal interest or his assertion of impartiality” as conclusive); United States v. Nig-ro, 28 M.J. 415, 418 (C.M.A.1989)(a member’s unequivocal assertion of lack of bias can “carry weight”).
Under the circumstances of this case, we fail to see how any reasonable member of the public could believe Lt Col M to be biased because of his wife’s employment. Consequently, implied bias is not a factor here. Therefore, we find that the military judge did not abuse his discretion by denying the challenge for cause against a member who was married to a judge advocate.
SENTENCE APPROPRIATENESS
Pursuant to Article 66(c), UCMJ, 10 U.S.C. § 866(c), this court is given unique fact-finding authority and we may only affirm those portions of the sentence which we find to be appropriate in law and fact. United States v. Jones, 39 M.J. 315 (C.M.A.1994). We have carefully weighed the evidence in this case, including the severe psychological problems faced by the appellant and the fact that her second use of cocaine came after the original charges were preferred against her. This blatant disregard for the law when faced with criminal punishment for her prior wrongful use of cocaine justifies the approved sentence, including 12 months confinement. We find the sentence to be appropriate and grant no relief.
CONCLUSION
After examining the record of trial, the assignment of errors, and the government’s reply, we conclude that the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the accused occurred. Accordingly, the findings of guilty and sentence are
AFFIRMED.
Chief Judge ROTHENBURG and Judge SENANDER concur.

. The military judge’s rejection of the challenge for cause against Maj R is not raised on appeal.

. Article 25, U.C.M.J., 10 USC § 825 (1994), requires that enlisted members who serve as members on courts-martial not be from the same unit as the accused, and specifically disqualifies any member of the armed forces who has served as accuser, investigating officer or counsel in the same case, or who will be a witness for the prosecution.