UNITED STATES, Appellee,

v.

Kimberly DUNBAR, Lieutenant
Colonel, U.S. Air Force.

No. 97–0660.
Crim.App. No. 32069.

U.S. Court of Appeals for
the Armed Forces.

Argued March 26, 1998.

Decided Aug. 27, 1998.

For Appellant: *Captain W. Craig Mullen*
(argued); *Colonel Douglas H. Kohrt* (on
brief); *Lieutenant Colonel Kim L. Sheffield*
and *Captain Earl F. Martin.*

For Appellee: *Major Eric D. Placke,*
USAFR (argued); *Colonel Brenda J. Hollis*
and *Captain Mitchel Neurock* (on brief);
*Lieutenant Colonel Michael J. Breslin* and
*Major Allen G. Erickson.*

*Opinion of the Court*

CRAWFORD, Judge:

On December 5, 1995, a general court-
martial composed of officer members tried
appellant at Geilenkirchen Air Base, Germa-

ny. Pursuant to her pleas, she was convicted of dereliction of duty (2 specifications), conduct unbecoming an officer (7 specifications), drunk and disorderly conduct (2 specifications), and fraternization, in violation of Articles 92, 133, and 134, *Uniform Code of Military Justice*, 10 USC §§ 892, 933, and 934, respectively. The convening authority approved the sentence of a dismissal and a reprimand. The *Court of Criminal Appeals* affirmed the findings and sentence in an unpublished opinion.

■ We granted review of the following issue:

WHETHER APPELLANT IS ENTITLED TO A REHEARING ON SENTENCE AS A CONSEQUENCE OF THE PROSECUTION'S FAILURE TO DISCLOSE BEFORE OR DURING TRIAL THAT TRIAL COUNSEL HAD A PRIOR PROSECUTOR/EXPERT WITNESS RELATIONSHIP WITH ONE OF THE COURT MEMBERS.

We hold that appellant is not entitled to a sentence rehearing because of trial counsel's failure to disclose that one of the court members had testified previously for the prosecution.

### FACTS

Prior to trial, appellant's defense counsel was provided with the panel members' pretrial questionnaires. Colonel (Col) Marconi–Dooley's pretrial questionnaire showed that she had testified in about 12 child-abuse cases. Prior to *voir dire* by counsel, the military judge instructed the members to keep an open mind until all the evidence was presented and asked if any of the members had an inelastic attitude. All of the members replied in the negative. The judge also asked, "Are any of you aware of any matter which might impair or appear to impair your impartiality in this case?" The judge received a negative response from all members.

Prior to appellant's trial, Col Marconi–Dooley had been a witness in child-abuse and child-sexual-abuse cases for the prosecution. Additionally, she had been a family advocacy officer her entire career. The defense knew that Col Marconi–Dooley had testified in pri-

or courts-martial in her role as the Director of the Family Advocacy Program. The record reflects the following:

DC:.... Colonel Dooley, I saw from your data sheet that you testified in quite a few court-martials [sic]. Could you tell me in what capacity that you testified?

MBR (COL MARCONI–DOOLEY): Before I became a commander, I was the director of the Family Advocacy Program at Ramstein and several other assignments. And I'm normally called to testify either about facts in either child abuse or child sexual abuse cases or as an expert witness.

DC: Okay. Is most of your testimony on behalf—I mean have you testified for both the government and the defense, or is it mainly—

MBR (COL MARCONI–DOOLEY): Primarily the prosecution, but in an earlier part of my career I have testified for the defense as well.

DC: And that was when you were in Family Advocacy?

MBR (COL MARCONI–DOOLEY): Yes. I've been in Family Advocacy my entire career.

After a few more questions, the military judge gave both sides the opportunity to question the members individually. Defense counsel questioned seven members but did not ask Col Marconi–Dooley any additional questions.

According to a post-trial affidavit, one of the trial counsel in appellant's case, the Chief Circuit Trial Counsel, was also the trial counsel in a 1993 case in which Col Marconi–Dooley testified as a prosecution expert witness. In another case, trial counsel conducted extensive pretrial interviews with Col Marconi–Dooley. The accused officer in that case was not punitively discharged. However, Col Marconi–Dooley recommended that the accused be administratively discharged, and the same circuit trial counsel as in appellant's case represented the Government at the discharge board.

The defense argues that trial counsel had an affirmative duty to disclose the informa-

tion available to him. The Government responds that, because this issue was not raised at the trial level, the court below correctly determined that it was waived and not plain error. The Government also argues that it was common knowledge among defense counsel that there were a limited number of circuit trial counsel in the European Circuit, and that child-abuse and child-sexual-abuse cases were often tried by circuit trial counsel. Further, the Government contends that the information submitted post-trial was easily obtainable before trial. The Government rejects the argument that Col Marconi–Dooley failed to be open in her *voir dire* responses.

## DISCUSSION

■ In order to preclude the application of waiver, appellant has the burden of establishing that there was plain error that affected her substantial rights. *United States v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985).

■ Was there error? RCM 912(c), Manual for Courts–Martial, United States (1995 ed.), requires the prosecutor to "state any ground for challenge for cause against any member" of which he or she is aware. *See also United States v. Modesto*, 43 MJ 315, 318–19 (1995). This Court has reiterated the principle that "prior professional relationships ... are not *per se* disqualifying." *United States v. Napoleon*, 46 MJ 279, 283 (1997); *see also United States v. Hamilton*, 41 MJ 22, 25 (1995)("professional relationship does not constitute a *per se* ground for challenge"); *United States v. Lake*, 36 MJ 317, 324 (CMA 1993)("official acquaintance with government witnesses [is] not *per se* disqualifying"). RCM 912(c) does not presume that the trial counsel acts as the arbiter of the merits of a challenge. Rather, the rule was designed to allow the defense to explore the

potential conflict through *voir dire*, with the judge as the decision maker on the merits of the challenge.*

■ In any event, we need not decide whether the failure to disclose the relationship in this case was error because defense counsel's failure to ask further questions in this case constitutes a waiver which did not affect a substantial right of appellant. When a court member's pretrial questionnaire reveals potentially disqualifying information, defense counsel should make reasonable inquiries into the background of the member. Based on that pretrial questionnaire, the defense knew that Col Marconi–Dooley was a family advocacy counselor and had testified in prior child-abuse cases.

It was incumbent upon defense counsel to ask Col Marconi–Dooley whether she had served as a prosecution expert in any of the trial counsel's cases, because the lead trial counsel was an experienced circuit trial counsel and the defense knew Col Marconi–Dooley had been a witness in a number of cases. It would not have been unreasonable to expect trial defense counsel, in *voir dire*, to ask Col Marconi–Dooley about the extent of her testimony in those cases, who was involved, and what the results were. The defense elected not to *voir dire* her; nor did they challenge her for cause or peremptorily. Defense counsel were on notice of the prior professional relationship and their failure to explore this area on *voir dire* indicates that the matter was not of concern to them.

There is no evidence that Col Marconi–Dooley was biased, and the charges in appellant's case did not relate to the Family Advocacy Program or child-abuse cases.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges GIERKE and EFFRON concur.

* *See, e.g., United States v. Glenn*, 25 MJ 278 (CMA 1987), where failure of the deputy staff judge advocate and then the staff judge advocate to disclose that the deputy's sister was a member of the panel was reversible error. The failure to disclose that information "made it impossible for the military judge to exercise his discretion." *Id.* at 280; *see also United States v. Schuller*, 5 USCMA 101, 17 CMR 101 (1954). The Court in *Schuller* refused to invoke waiver when the trial counsel and the law officer (now the military judge) failed to disclose to the accused that the law officer had previously served as the staff judge advocate to the convening authority in the accused's case.

SULLIVAN, Judge (concurring in the result):

I would find error in this case because trial counsel should have revealed his relationship with the member under the full disclosure duty of RCM 912(c), Manual for Courts-Martial, United States (1995 ed.). See *United States v. Modesto,* 43 MJ 315, 321 (1995)(Sullivan, C.J., concurring in part and in the result). Sometimes disclosure is the brother of fairness. Nevertheless, I would affirm under harmless error because there is no evidence in the record before us that "a correct response would have provided a valid basis for a challenge for cause." *Id.*; see generally *United States v. Lake,* 36 MJ 317, 324 (CMA 1993).