**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mario ROBLEDO–VELA,**
**Defendant–Appellant.**

**No. 01–50336.**
**D.C. No. CR–00–02688–HBT.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 2002.

Filed May 2, 2002.

Decided Aug. 22, 2002.

Before HAWKINS and FISHER, Circuit Judges, and WEINER,* District Judge.

* Honorable Charles R. Weiner, Senior United    States District Judge for the Eastern District

## AMENDED MEMORANDUM**

Robledo–Vela ("Robledo") challenges his conviction for importing marijuana and possessing marijuana with intent to distribute in violation of 21 U.S.C. §§ 841 & 960.[1]

■ There was sufficient evidence of Robledo's knowledge to support his conviction. The government relied on a variety of circumstantial evidence to prove Robledo's knowledge of drugs in his vehicle, including the fact that Robledo was the sole occupant of the vehicle, that he was very nervous and that he presented numerous different stories regarding how he came to be driving the vehicle. This court has previously held similar circumstantial evidence of knowledge sufficient to support a conviction. *See United States v. Hursh*, 217 F.3d 761, 767–68 (9th Cir.2000); *United States v. Davila–Escovedo*, 36 F.3d 840, 843 (9th Cir.1994).

There was also sufficient evidence of importation. In *Daut v. United States*, 405 F.2d 312, 316 (9th Cir.1968), this circuit rejected a defendant's contention that he had not imported marijuana into the United States because he had been stopped at the Mexico–Arizona border.

■ We do, however, agree with Robledo that there was significant prosecutorial misconduct in the form of misstating evidence, and that this error was not harmless.[2] In its closing argument, the government repeatedly overstated the evidence by calling Robledo's statement that there might be drugs in the car a "confession" and by stating on at least two occasions that Robledo had told the customs agent he "knew" there were drugs in the van.[3] Viewing the claim of prosecutorial misconduct in light of the entire trial, we find that reversal is justified, as it is more probable than not that these misstatements materially affected the fairness of the trial. *United States v. Cabrera*, 201 F.3d 1243, 1246 (9th Cir.2000).

■ Robledo's knowledge was the central issue at trial; there was no direct evidence of Robledo's knowledge other than the alleged "confession." The district court's general corrective instructions— that the jury had heard the testimony and was to rely on its own memory—did little to compensate for the prosecutor's serious

---

of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Robledo's challenges to the facial constitutionality of these statutes have been foreclosed by *United States v. Buckland*, 277 F.3d 1173 (9th Cir.2002), and *United States v. Mendoza–Paz*, 286 F.3d 1104, 2002 WL 531153 (9th Cir. April 10, 2002).

2. Although the government contends we should review for plain error because defense counsel did not assert "prosecutorial misconduct" at trial, defense counsel clearly objected to the prosecutor's argument at several points for misstating the evidence. A misstates-the-evidence objection *is* an objection to a specific type of prosecutorial misconduct. *See*

*United States v. Atcheson*, 94 F.3d 1237, 1244 (9th Cir.1996).

3. We do not suggest that the government acted in bad faith. In fact, at times the government correctly summarized Robledo's statement regarding his suspicions. But misstatements of facts did occur, and the closing argument also incorrectly suggested that suspicion was legally equivalent to knowledge. We focus not on the subjective intent of the prosecutor, but rather on the effect the misstatements likely had on the jury. *See United States v. Simtob*, 901 F.2d 799, 806 (9th Cir.1990) ("When prosecutorial conduct is called in question, the issue is whether, considered in the context of the entire trial, that conduct appears likely to have affected the jury's discharge of its duty to judge the evidence fairly.").

and repeated factual misstatements that Robledo "knew" there were drugs in the van and did nothing to correct the impression that Robledo's statement about his suspicions was a "confession" of guilt.[4] *See United States v. Simtob*, 901 F.2d 799, 806 (9th Cir.1990) ("Given the thrust of the government's remarks ... it is very doubtful that the generalized observations of the court really conveyed a sufficient sense of judicial disapproval of both content and circumstance needed to dispel the harm in the core of the prosecutor's statements.").

This was a close case in which the central issue at trial was affected by the error and only minimal steps were taken to mitigate the effects of the error. *See id.; cf. United States v. Parker*, 241 F.3d 1114, 1120 (9th Cir.2001) (prosecutor's minor misstatement was not central to case and did not require reversal); *United States v. Ramirez*, 176 F.3d 1179, 1183 (9th Cir. 1999) (prosecutor's misstatement not harmful where judge gave strong and specific curative instruction). Accordingly, we find that the error was prejudicial and reverse and remand for a new trial.

REVERSED AND REMANDED.

---

**4.** The jury was not instructed that knowledge requires more than mere suspicion. *Cf. Unit-*

*ed States v. Vallejo*, 237 F.3d 1008, 1025–26 (9th Cir.2001).